CLOSED

# U.S. District Court [LIVE]
## Western District of Texas (San Antonio)
## CRIMINAL DOCKET FOR CASE #: <u>5:17–cr–00783–XR</u>–2

Case title: USA v. Thompson, et al

Date Filed: 10/04/2017

Date Terminated: 04/04/2022

Assigned to: Judge Xavier Rodriguez

**<u>Defendant (2)</u>**

**Xzavier Christian Guliford**
*TERMINATED: 04/04/2022*
*also known as*
Zay
*TERMINATED: 04/04/2022*
*also known as*
Christian Xzavier
*TERMINATED: 04/04/2022*
*also known as*
Xzavier Guiliford
*TERMINATED: 04/04/2022*
*also known as*
Xzavier C. Guilford
*TERMINATED: 04/04/2022*

represented by **Xzavier Christian Guliford**
28639–031
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635
PRO SE

**Kevin L. Collins**
Kevin L. Collins Law Office
IBC Bank Building
130 E. Travis Street, Suite 425
Suite 425
San Antonio, TX 78205
(210) 223–9480
Fax: (210) 227–1501
Email: kevin@kevincollinslaw.com
*TERMINATED: 02/27/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**John Joseph Kuntz , IV**
John Kuntz, Attorney at Law
130 E. Travis Street, Suite 435
San Antonio, TX 78205
(210) 231–6200
Fax: 210/231–6204
Email: info@johnkuntzlaw.com
*TERMINATED: 05/30/2018*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**<u>Pending Counts</u>**

18:1951.F – INTERFERENCE
WITH COMMERCE BY THREAT

**<u>Disposition</u>**

Seventy (70) months imprisonment to run
concurrent; three years supervised release to run

| | |
|---|---|
| OR VIOLENCE by Robbery Conspiracy (1) | concurrent; No Fine; $100 Special Assessment; and $53,117.15 in Restitution. |
| 18:922U.F – STEALING A FIREARM FROM A LICENSED DEALER Theft from a Federal Firearm Licensee; Aiding and Abetting (3) | Seventy (70) months imprisonment to run concurrent; three years supervised release to run concurrent; No Fine; and $100 Special Assessment. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:924C.F VIOLENT CRIME/DRUGS/MACHINE GUN Use, Carry, Brandish a Firearm During/In Furtherance of a Crime of Violence; Aiding and Abetting (2) | Dismiss Count(s) 2 on the Government's Motion. |
| 18:922I.F – TRANSPORT STOLEN FIREARMS; Aiding and Abetting (4) | Dismiss Count(s) 4 on the Government's Motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Priscilla Garcia** |
| | | Assistant United States Attorney |
| | | 601 N.W. Loop 410 |
| | | Suite 600 |
| | | San Antonio, TX 78216 |
| | | (210) 384–7150 |
| | | Fax: 210/384–7028 |
| | | Email: priscilla.garcia@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Sarah Wannarka** |
| | | U. S. Department of Justice – Asst. U.S. |

Attorney
601 N.W. Loop 410 – Suite 600
San Antonio, TX 78216
210–384–7192
Fax: 210–384–7118
Email: sarah.wannarka@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/04/2017 | 1 | MOTION to Seal Indictment by USA as to Markez Louise Thompson, Xzavier Christian Guliford, Diana Michell Loera–Fuentes, Tanaya Todd. (rg) (Entered: 10/05/2017) |
| 10/04/2017 | 2 | ORDER GRANTING 1 Motion to Seal Indictment as to Markez Louise Thompson (1), Xzavier Christian Guliford (2), Diana Michell Loera–Fuentes (3), Tanaya Todd (4). Signed by Judge Elizabeth S Chestney. (rg) (Entered: 10/05/2017) |
| 10/04/2017 | 3 | SEALED INDICTMENT (Redacted Version) filed Unredacted document sealed pursuant to E–Government Act of 2002 as to Markez Louise Thompson (1) count(s) 1, 2, 3, 4, Xzavier Christian Guliford (2) count(s) 1, 2, 3, 4, Diana Michell Loera–Fuentes (3) count(s) 1, 3, 4, Tanaya Todd (4) count(s) 1, 4. (rg) (Entered: 10/05/2017) |
| 10/04/2017 | 5 | Personal Data Sheet (SEALED) as to Xzavier Christian Guliford. (rg) (Entered: 10/05/2017) |
| 10/04/2017 | 10 | ORDER FOR ISSUANCE OF Bench Warrant as to Xzavier Christian Guliford. Signed by Judge Elizabeth S Chestney. (rg) (Entered: 10/05/2017) |
| 10/04/2017 | 11 | Bench Warrant Issued by Judge Elizabeth S Chestney as to Xzavier Christian Guliford. (rg) (Entered: 10/05/2017) |
| 10/18/2017 | 17 | MOTION to Unseal Indictmentby USA as to Markez Louise Thompson, Xzavier Christian Guliford, Diana Michell Loera–Fuentes, Tanaya Todd. (rg) (Entered: 10/18/2017) |
| 10/18/2017 | 18 | ORDER GRANTING 17 Motion to Unseal Indictment as to Markez Louise Thompson (1), Xzavier Christian Guliford (2), Diana Michell Loera–Fuentes (3), Tanaya Todd (4). Signed by Judge Henry J. Bemporad. (rg) (Entered: 10/18/2017) |
| 10/19/2017 | | Arrest of Xzavier Christian Guliford in District of Kansas–Kansas City Division. (rg) (Entered: 10/20/2017) |
| 10/27/2017 | 19 | Bench Warrant Returned Executed on 10/20/2017 as to Xzavier Christian Guliford. (rg) (Entered: 10/30/2017) |
| 10/31/2017 | 20 | ORDER APPOINTING COUNSEL as to Xzavier Christian Guliford John Joseph Kuntz, IV for Xzavier Christian Guliford appointed. Signed by Judge Elizabeth S Chestney. (rg) (Entered: 10/31/2017) |
| 10/31/2017 | 21 | CJA 23 Financial Affidavit by Xzavier Christian Guliford (SEALED pursuant to E–Government Act of 2002). (rg) (Entered: 10/31/2017) |
| 10/31/2017 | 22 | |

| | | ORDER OF DETENTION: Bond set to Detain without bond pending trial as to Xzavier Christian Guliford. Signed by Magistrate Judge James P. O'Hara, District of Kansas. (rg) (Entered: 10/31/2017) |
|---|---|---|
| 10/31/2017 | 23 | ORDER Setting District Court Arraignment as to Xzavier Christian Guliford. Arraignment set for 11/8/2017 1:30 PM before Judge Henry J. Bemporad. Signed by Judge Elizabeth S Chestney. (rg) (Entered: 10/31/2017) |
| 10/31/2017 | 24 | Rule 5(c)(3) Documents Received District of Kansas as to Xzavier Christian Guliford. (rg) (Entered: 10/31/2017) |
| 11/08/2017 | 41 | ORDER as to Xzavier Christian Guliford, (Resetting District Court Arraignment for 11/17/2017 1:30 PM before Judge Henry J. Bemporad). Signed by Judge Henry J. Bemporad. (rg) (Entered: 11/08/2017) |
| 11/17/2017 | 44 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty and Waiver of Minimum Time to Trial by Xzavier Christian Guliford.(rg) (Entered: 11/20/2017) |
| 11/17/2017 | 45 | Order Accepting Waiver of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Xzavier Christian Guliford. Signed by Judge Henry J. Bemporad. (rg) (Entered: 11/20/2017) |
| 11/28/2017 | 50 | General Order Concerning Authentication of Exhibits as to Xzavier Christian Guliford. Signed by Judge Xavier Rodriguez. (rg) (Entered: 11/28/2017) |
| 11/28/2017 | 51 | General Order Concerning Discovery & Pre–Trial Motions as to Xzavier Christian Guliford. Signed by Judge Xavier Rodriguez. (rg) (Entered: 11/28/2017) |
| 11/28/2017 | 52 | SCHEDULING ORDER as to Xzavier Christian Guliford: Plea Agreement due by 2/2/2018, Docket Call or Rearraignment set for 2/13/2018 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Trial set for 2/26/2018 9:30 AM before Judge Xavier Rodriguez. Signed by Judge Xavier Rodriguez. (rg) (Entered: 11/29/2017) |
| 01/30/2018 | 61 | ORDER GRANTING MOTION FOR CONTINUANCE AND AMENDING SCHEDULE as to Xzavier Christian Guliford, Diana Michell Loera–Fuentes, Tanaya Todd: 57 Unopposed MOTION to Continue filed by Tanaya Todd. (Resetting Docket Call or Rearraignment and Plea for 4/5/2018 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Trial set for 4/16/2018 9:30 AM before Judge Xavier Rodriguez, Plea Agreement due by 3/23/2018). Signed by Judge Xavier Rodriguez. (rg) (Entered: 01/30/2018) |
| 03/22/2018 | 63 | ORDER GRANTING MOTION FOR CONTINUANCE AND AMENDING SCHEDULE as to Xzavier Christian Guliford, Diana Michell Loera–Fuentes, Tanaya Todd: 62 Unopposed MOTION to Continue filed by Tanaya Todd. (Docket Call or Rearraignment and Plea set for 5/31/2018 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Trial set for 6/11/2018 9:30 AM before Judge Xavier Rodriguez, Plea Agreement due by 5/18/2018). Signed by Judge Xavier Rodriguez. (rg) (Entered: 03/22/2018) |
| 05/18/2018 | 74 | SEALED MOTION filed (Kuntz, John) (Entered: 05/18/2018) |
| 05/21/2018 | 75 | ORDER REFERRING MOTION as to Xzavier Christian Guliford: 74 SEALED MOTION filed filed by Xzavier Christian Guliford. Signed by Judge Xavier Rodriguez. (rg) (Entered: 05/21/2018) |

| 05/24/2018 | 76 | ORDER SETTING MOTION HEARING as to Xzavier Christian Guliford, 74 SEALED MOTION filed. (Setting Motion Hearing for 5/30/2018 10:45 AM before Judge Henry J. Bemporad). Signed by Judge Henry J. Bemporad. (rg) (Entered: 05/25/2018) |
|---|---|---|
| 05/25/2018 | 78 | ORDER GRANTING MOTION FOR CONTINUANCE AND AMENDING SCHEDULE as to Xzavier Christian Guliford, Tanaya Todd: 77 Unopposed MOTION to Continue Plea Deadline, Docket Call and Rearraignment and Jury Selection and Trial filed by Tanaya Todd. (Docket Call or Rearraignment and Plea reset for 8/16/2018 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Trial reset for 8/27/2018 9:30 AM before Judge Xavier Rodriguez, Plea Agreement due by 8/3/2018). Signed by Judge Xavier Rodriguez. (rg) (Entered: 05/29/2018) |
| 05/30/2018 | 79 | Minute Entry for proceedings held before Judge Henry J. Bemporad:Motion Hearing as to Xzavier Christian Guliford held on 5/30/2018 re 74 SEALED MOTION to withdraw attorney filed filed by Xzavier Christian Guliford. Court grants motion. (Minute entry documents are not available electronically.) (Court Reporter ftr gold.) (rg) (Entered: 05/31/2018) |
| 05/30/2018 | 80 | ORDER GRANTING 74 Sealed Motion as to Xzavier Christian Guliford (2). Signed by Judge Henry J. Bemporad. (rg) (Entered: 05/31/2018) |
| 05/30/2018 | | Attorney John Joseph Kuntz, IV terminated as to Xzavier Christian Guliford. (rg) (Entered: 05/31/2018) |
| 05/30/2018 | | Motion No Longer Referred as to Xzavier Christian Guliford: 74 SEALED MOTION filed. (rg) (Entered: 05/31/2018) |
| 07/02/2018 | 81 | ORDER APPOINTING COUNSEL as to Xzavier Christian Guliford Kevin L. Collins for Xzavier Christian Guliford appointed. Signed by Judge Henry J. Bemporad. (rg) (Entered: 07/03/2018) |
| 07/25/2018 | 83 | MOTION to Continue by Xzavier Christian Guliford. (Collins, Kevin) (Entered: 07/25/2018) |
| 07/26/2018 | 84 | ORDER GRANTING MOTION FOR CONTINUANCE AND AMENDING SCHEDULE as to Xzavier Christian Guliford, Tanaya Todd: 83 MOTION to Continue filed by Xzavier Christian Guliford. (Docket Call or Rearraignment and Plea set for 11/8/2018 1:30 PM before Judge Xavier Rodriguez, Jury Selection and Trial set for 11/26/2018 9:30 AM before Judge Xavier Rodriguez, Plea Agreement due by 10/26/2018). Signed by Judge Xavier Rodriguez. (rg) (Entered: 07/26/2018) |
| 09/28/2018 | 91 | PLEA AGREEMENT as to Xzavier Christian Guliford (Plea agreement documents are not available electronically.) (Wannarka, Sarah) (Entered: 09/28/2018) |
| 10/19/2018 | 94 | Order of Referral to U.S. Magistrate on felony guilty plea as to Xzavier Christian Guliford. Signed by Judge Xavier Rodriguez. (rg) (Entered: 10/19/2018) |
| 10/22/2018 | 95 | ORDER Setting Rearraignment & Plea as to Xzavier Christian Guliford. Rearraignment set for 10/25/2018 2:30 PM before Judge Elizabeth S. Chestney. Signed by Judge Elizabeth S. Chestney. (rg) (Entered: 10/22/2018) |
| 10/25/2018 | 99 | Minute Entry for proceedings held before Judge Elizabeth S. Chestney:Rearraignment held on 10/25/2018. Defendant Informed of Rights. Plea of guilty entered as to Xzavier Christian Guliford (2) Count 1,3. Referred to Probation for Presentence Report. (Minute entry documents are not available electronically.) (Court Reporter ftr |

| | | |
|---|---|---|
| | | gold.) (rg) (Entered: 10/26/2018) |
| 10/25/2018 | 100 | FINDINGS OF FACT AND RECOMMENDATION on felony guilty plea before the United States Magistrate Judge as to Xzavier Christian Guliford. Signed by Judge Elizabeth S. Chestney. (rg) (Entered: 10/26/2018) |
| 10/25/2018 | 101 | WAIVER of Rule 32 Time Limits by Xzavier Christian Guliford. (rg) (Entered: 10/26/2018) |
| 10/26/2018 | 102 | ORDER accepting re 100 Findings of Fact on Plea as to Xzavier Christian Guliford. Guilty plea accepted. Signed by Judge Xavier Rodriguez. (rg) (Entered: 10/26/2018) |
| 10/26/2018 | 103 | ORDER as to Xzavier Christian Guliford, (Setting Sentencing for 2/20/2019 1:30 PM before Judge Xavier Rodriguez). Signed by Judge Xavier Rodriguez. (rg) (Entered: 10/26/2018) |
| 01/31/2019 | 111 | INITIAL PRESENTENCE REPORT as to Xzavier Christian Guliford by Officer Rachel De Luna. Objections to the PSR must be submitted directly to the Probation Department. Instructions for viewing the report are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: # 1(Villarreal, Janet) (Entered: 01/31/2019) |
| 02/13/2019 | 114 | SEALED PRESENTENCE INVESTIGATION REPORT Filed as to Xzavier Christian Guliford by Officer Rachel De Luna. (Document available to court only) (Attachments: # (1–2) (Villarreal, Janet) (Entered: 02/13/2019) |
| 02/13/2019 | 115 | REVISED PRESENTENCE REPORT as to Xzavier Christian Guliford by Officer Rachel De Luna. Instructions for viewing the report are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: # 1 (Villarreal, Janet) (Entered: 02/13/2019) |
| 02/15/2019 | 117 | Sealed MOTION filed (Collins, Kevin) Modified on 2/15/2019 (rg). (Entered: 02/15/2019) |
| 02/15/2019 | 118 | Sealed Document filed (Attachments: # 1 Exhibit A–G) (Collins, Kevin) (Entered: 02/15/2019) |
| 02/20/2019 | 120 | Minute Entry for proceedings held before Judge Xavier Rodriguez:Sentencing held on 2/20/2019 for Xzavier Christian Guliford (2), Count(s) 1, Seventy (70) months imprisonment to run concurrent; three years supervised release to run concurrent; No Fine; $100 Special Assessment; and $53,117.15 in Restitution. Count(s) 3, Seventy (70) months imprisonment to run concurrent; three years supervised release to run concurrent; No Fine; and $100 Special Assessment. Dismiss Count(s) 2 and 4 on the Government's Motion. (Minute entry documents are not available electronically.) (Court Reporter Gigi Simcox.) (rg) (Entered: 02/20/2019) |
| 02/27/2019 | 123 | JUDGMENT AND COMMITMENT as to Xzavier Christian Guliford (2), Count(s) 1, Seventy (70) months imprisonment to run concurrent; three years supervised release to run concurrent; No Fine; $100 Special Assessment; and $53,117.15 in Restitution.; Count(s) 2, Dismiss Count(s) 2 on the Government's Motion.; Count(s) 3, Seventy (70) months imprisonment to run concurrent; three years supervised release to run concurrent; No Fine; and $100 Special Assessment.; Count(s) 4, Dismiss Count(s) 4 on the Government's Motion. Signed by Judge Xavier Rodriguez. (rg) (Entered: 02/27/2019) |

| 02/27/2019 | 124 | Sealed Statement of Reasons as to Xzavier Christian Guliford. (SOR documents are not available electronically.) (rg) (Entered: 02/27/2019) |
| 06/07/2019 | 136 | Unopposed MOTION to Amend Judgment / *Correct Judgment* by Xzavier Christian Guliford. (Collins, Kevin) (Entered: 06/07/2019) |
| 06/10/2019 | | Text Order GRANTING 136 Motion to Amend Judgment as to Xzavier Christian Guliford (2) Entered by Judge Xavier Rodriguez. The Judgment will be amended to reflect that thesentencing in this instant case run concurrent with the prior federal sentence thatcommenced on September 22, 2017, Case Number 6:17–CR–10070–001, in theDistrict of Kansas. (This is a text–only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 06/10/2019) |
| 06/18/2019 | 141 | AMENDED JUDGMENT (*to add sentencing instruction and amend restitution language) as to Xzavier Christian Guliford (2), Count(s) 1, Seventy (70) months imprisonment to run concurrent; three years supervised release to run concurrent; No Fine; $100 Special Assessment; and $53,117.15 in Restitution.; Count(s) 2, Dismiss Count(s) 2 on the Government's Motion.; Count(s) 3, Seventy (70) months imprisonment to run concurrent; three years supervised release to run concurrent; No Fine; and $100 Special Assessment.; Count(s) 4, Dismiss Count(s) 4 on the Government's Motion. Signed by Judge Xavier Rodriguez. (rg) (Entered: 06/18/2019) |
| 06/18/2019 | 142 | Sealed Statement of Reasons as to Xzavier Christian Guliford. (SOR documents are not available electronically.) (rg) (Entered: 06/18/2019) |
| 05/04/2021 | 152 | PRO SE MOTION to Reduce Sentence – First Step Act by Xzavier Christian Guliford. (cd) (Entered: 05/06/2021) |
| 05/06/2021 | | Text Order TAKING UNDER ADVISEMENT 152 Motion to Reduce Sentence – First Step Act as to Xzavier Christian Guliford (2) Entered by Judge Xavier Rodriguez. The government is directed to file a response. (This is a text–only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 05/06/2021) |
| 05/06/2021 | | Motion Taken Under Advisement as to Xzavier Christian Guliford re 152 MOTION to Reduce Sentence – First Step Act (cd) (Entered: 05/06/2021) |
| 05/19/2021 | 153 | MOTION for Extension of Time to File Response/Reply as to 152 MOTION to Reduce Sentence – First Step Act by USA as to Xzavier Christian Guliford. (Garcia, Priscilla) (Entered: 05/19/2021) |
| 06/03/2021 | | Text Order GRANTING 153 Motion for Extension of Time to File Response/Reply as to Xzavier Christian Guliford (2) Entered by Judge Xavier Rodriguez. (This is a text–only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 06/03/2021) |
| 06/17/2021 | 154 | Sealed Document filed (Attachments: # 1 Exhibit Immunization Record, # 2 Exhibit 2021–Medical Records, # 3 Exhibit 2020–Medical Records, # 4 Exhibit 2019–Medical records, # 5 Exhibit Warden's Denial of Home confinement, # 6 Exhibit Warden's denial of CR, # 7 Exhibit Administrative Request) (Garcia, Priscilla) (Entered: 06/17/2021) |
| 06/22/2021 | | Text Order DENYING 152 Motion to Reduce Sentence – First Step Act as to Xzavier Christian Guliford (2) Entered by Judge Xavier Rodriguez. A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or |

|  |  |  |
|---|---|---|
|  |  | modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if extraordinary and compelling reasons warrant such a reduction. § 3582(c)(1)(A)(i). In commentary, the Sentencing Guidelines describe extraordinary and compelling reasons to include a terminal illness (i.e., a serious and advanced illness with an end of life trajectory) such as metastatic cancer, though no specific prognosis of life expectancy is required. § 1B1.13 (p.s.), comment. (n.1(A)(i)). United States v. Chambliss, 948 F.3d 691, 69293 (5th Cir. 2020).The Court finds that although the Defendant has exhausted his administrative remedies, he has not raised a prima facie case of extraordinary and compelling reasons based on his medical conditions. The Defendant appears to argue he suffers from some form of cancer, but a review of his 2019–2021 medical records do not support this claim. However, [e]ven if extraordinary and compelling reasons for early release exist, the relevant policy statements provide for a reduction in sentence only if a defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendants history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendants release. See 18 U.S.C. § 3142(g). United States v. Jackson, No. 4:14–CR–00576, 2020 WL 1955402, at *4 (S.D. Tex. Apr. 23, 2020). Application of the 3553 factors in this case warrants denial of the motion. (This is a text–only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 06/22/2021) |
| 10/25/2021 | 155 | MOTION to Reduce Sentence – First Step Act, MOTION to Reduce Sentence by Xzavier Christian Guliford. (Attachments: # 1 Exhibit, # 2 copy of mailing envelope)(rg) (Entered: 10/26/2021) |
| 11/01/2021 |  | Text Order TAKING UNDER ADVISEMENT 155 Motion to Reduce Sentence as to Xzavier Christian Guliford (2) Entered by Judge Xavier Rodriguez. The Government is directed to file a response. (This is a text–only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 11/01/2021) |
| 11/03/2021 | 156 | MOTION for Extension of Time to File Response/Reply as to 155 MOTION to Reduce Sentence – First Step Act by USA as to Xzavier Christian Guliford. (Garcia, Priscilla) (Entered: 11/03/2021) |
| 11/03/2021 | 157 | ORDER GRANTING 156 Motion for Extension of Time to File Response/Reply as to Xzavier Christian Guliford (2). Response is due December 17, 2021.. Signed by Judge Xavier Rodriguez. (rg) (Entered: 11/04/2021) |
| 12/16/2021 | 158 | Sealed Document filed (Attachments: # 1 Exhibit Immunization Record, # 2 Exhibit Warden's Denial of HC, # 3 Exhibit Warden's Denial of CR, # 4 Exhibit Administrative Request, # 5 Exhibit Supp. 2021 Medical Records, # 6 Exhibit 2021 Medical Records, # 7 Exhibit 2020 Medical Records, # 8 Exhibit 2019 Medical Records, # 9 Exhibit NP Sumner's Declaration) (Garcia, Priscilla) (Entered: 12/16/2021) |
| 01/04/2022 |  | Text Order DENYING 155 Motion to Reduce Sentence – First Step Act as to Xzavier Christian Guliford (2); DENYING 155 Motion to Reduce Sentence as to Xzavier Christian Guliford (2). A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), |

| | | |
|---|---|---|
| | | if extraordinary and compelling reasons warrant such a reduction. § 3582(c)(1)(A)(i). In commentary, the Sentencing Guidelines describe extraordinary and compelling reasons to include a terminal illness (i.e., a serious and advanced illness with an end of life trajectory) such as metastatic cancer, though no specific prognosis of life expectancy is required. § 1B1.13 (p.s.), comment. (n.1(A)(i)). United States v. Chambliss, 948 F.3d 691, 69293 (5th Cir. 2020). This is the Defendant's second motion seeking compassionate release. He exhausted his administrative remedies prior to filing the first motion, but has failed to file any request with the Warden before the filing of this second motion. Nevertheless, he still has not raised a prima facie case of extraordinary and compelling reasons based on his medical conditions. The Defendant's recent allegations of medical and mental illness are not supported by his medical records. However, [e]ven if extraordinary and compelling reasons for early release exist, the relevant policy statements provide for a reduction in sentence only if a defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendants history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendants release. See 18 U.S.C. § 3142(g). United States v. Jackson, No. 4:14–CR–00576, 2020 WL 1955402, at *4 (S.D. Tex. Apr. 23, 2020). Application of the 3553 factors in this case warrants denial of the motion. Entered by Judge Xavier Rodriguez. (This is a text–only entry generated by the court. There is no document associated with this entry.) (XR) (Entered: 01/04/2022) |
| 07/12/2023 | 160 | Probation/Supervised Release Jurisdiction Transferred to District of Kansas as to Xzavier Christian Guliford signed by Judge Xavier Rodriguez. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (wg) (Entered: 07/13/2023) |

**SEALED** NITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED

2017 OCT -4  PM 1:12

SA17CR0783XR

| | |
|---|---|
| UNITED STATES OF AMERICA, | § Ct 1: 18 U.S.C. §1951(a) Interference with |
| | § Commerce by Robbery Conspiracy; |
| Plaintiff, | § Ct 2: 18 U.S.C. §§924(c)(1)(A) and 2 Use, |
| | § Carry, Brandish a Firearm During/ In |
| v. | § Furtherance of a Crime of Violence and |
| | § Aiding and Abetting; |
| MARKEZ LOUISE THOMPSON (1), | § Ct 3: 18 U.S.C. §§922(u) and 2 Theft from |
| XZAVIER CHRISTIAN GULIFORD (2), | § a Federal Firearm Licensee and |
| DIANA MICHELL LOERA-FUENTES (3), and | § Aiding and Abetting; |
| TANAYA TODD (4), | § Ct 4: 18 U.S.C. §§922(i) and 2 |
| | § Transportation of Stolen Firearms and |
| Defendants. | § Aiding and Abetting. |

THE GRAND JURY CHARGES:

## COUNT ONE
[18 USC §1951(a)]

That beginning on or about April 10, 2017, and continuing until on or about April 13, 2017,

in the Western District of Texas and elsewhere, Defendants,

**MARQUEZ LOUISE THOMPSON (1),
XZAVIER CHRISTIAN GULIFORD (2),
DIANA MICHELL LOERA-FUENTES (3), and
TANAYA TODD (4),**

did unlawfully, knowingly, and intentionally conspire together, to obstruct, delay, and affect

interstate commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3),

and the movement of any article and commodity in commerce by robbery, as that term is defined

in Title 18, United States Code, Section 1951(b)(1), in that the Defendants did unlawfully take and

obtain property, to wit: United States Currency from Speedy Cash, located at in San Antonio,

Texas, a business that affects interstate commerce, from the persons of employees of that business,

1

against their will, by means of actual and threatened force and violence, in violation of Title 18, United States Code, Section 1951(a).

### COUNT TWO
[18 U.S.C. §§924(c)(1)(A) and 2]

On or about April 13, 2017, in the Western District of Texas, Defendants,

**MARQUEZ LOUISE THOMPSON (1), and**
**XZAVIER CHRISTIAN GULIFORD (2),**

aided and abetted by each other, did knowingly use, carry, and brandish a firearm, during and in relation to, and did possess and brandish a firearm in furtherance of a crime of violence for which the person may be prosecuted in a court of the United States, as further described in Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

### COUNT THREE
[18 U.S.C. §§922(u) and 2]

That on or about April 13, 2017, in the Western District of Texas, Defendants,

**MARQUEZ LOUISE THOMPSON (1),**
**XZAVIER CHRISTIAN GULIFORD (2), and**
**DIANA MICHELL LOERA-FUENTES (3),**

aided and abetted by each other, did knowingly steal and unlawfully take and carry away from the premises of a person who is licensed to engage in the business of importing, manufacturing, or dealing in firearms, to wit: Adelbridge, Inc., firearms in the licensee's business inventory that have been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(u) and 2.

### COUNT FOUR
[18 U.S.C. §§922(i) and 2]

That on or about April 13, 2017, in the Western District of Texas, Defendants,

**MARQUEZ LOUISE THOMPSON (1),**
**XZAVIER CHRISTIAN GULIFORD (2),**

2

**DIANA MICHELL LOERA-FUENTES (3), and**
**TANAYA TODD (4)**

aided and abetted by each other, did knowingly transport and ship in interstate and foreign

commerce, to wit: from Texas to Kansas, stolen firearms from Adelbridge, Inc., knowing and

having reasonable cause to believe that the firearms were stolen, in violation of Title 18, United

States Code, Sections 922(i) and 2.

A TRUE BILL,



FOREPERSON

RICHARD L. DURBIN, Jr.
United States Attorney

SARAH WANNARKA
Assistant United States Attorney

3

**FILED**

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

FEB 2 7 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

UNITED STATES OF AMERICA

v.

**Case Number: 5:17-CR-00783-XR(2)**
**USM Number: 28639-031**

XZAVIER CHRISTIAN GULIFORD
*Aliases: Zay; Xzavier, Christian; Guiliford,*
*Xzavier; Gulford, Xzavier C.*

     Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, **XZAVIER CHRISTIAN GULIFORD,** was represented by Kevin L. Collins, Esq.

On Motion of the United States, the Court has dismissed the remaining counts as to this defendant

The defendant pled guilty to **Count(s) One (1)** and **Three (3)** of the **Indictment** on October 25, 2018.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Interference with Commerce by Robbery Conspiracy | April 13, 2017 | One (1) |
| 18 U.S.C. § 922(u) 18 U.S.C. § 2 | Theft of Firearms from a Federal Licensee; Aiding and Abetting | April 13, 2017 | Three (3) |

As pronounced on February 20, 2019, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this ____ day of February 2019.


                                        **XAVIER RODRIGUEZ**
                                        **United States District Judge**

13

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:        XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:      5:17-CR-00783-XR(2)

## IMPRISONMENT

        The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **SEVENTY (70) Months.**   This sentence consists of **Seventy (70) Months** as to **Count One (1)** and **Seventy (70) Months** as to **Count Three (3)** all to run concurrent with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

        **The Court makes the following recommendations to the Federal Bureau of Prisons:**

1.    That the defendant be incarcerated Forrest City, Arkansas.


The defendant shall remain in custody pending service of sentence.




## RETURN

I have executed this judgment as follows:

_____

_____

_____


        Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                        _____

                                                        UNITED STATES MARSHAL


                                        _____
                                                                **By**
                                                DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                      Judgment -- Page 3 of 6

DEFENDANT:        XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:      5:17-CR-00783-XR(2)

## SUPERVISED RELEASE

      Upon release from imprisonment, the defendant shall be on supervised release for a total term of **THREE (3) Years**.  This term consists of **Three (3) Years** as to **Count One (1)** and **Three (3) Years** as to **Count Three (3)** all to run concurrently.

      While on supervised release the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court on November 28, 2016, and shall comply with the following additional conditions:

1.  The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program.  The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs.  The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.).  During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.  The defendant shall pay the costs of such treatment if financially able.

2.  The defendant shall participate in a mental health treatment program and follow the rules and regulation of that program.  The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.).  The defendant shall pay the costs of such treatment if financially able.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:          XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:        5:17-CR-00783-XR(2)

## CONDITIONS OF SUPERVISION

<u>Mandatory Conditions</u>:

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

[10]  The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

<u>Standard Conditions</u>:

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                            Judgment -- Page 5 of 6

DEFENDANT:          XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:        5:17-CR-00783-XR(2)

[6]    The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]    The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so.  If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so.  If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]    The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]    If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]   The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]   The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]   If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction.  The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]   The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]   If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]   If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]   If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17]   If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervision release.  The defendant shall not illegally re-enter the United States.  If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                    Judgment -- Page 6 of 6

DEFENDANT:          XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:        5:17-CR-00783-XR(2)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206.  The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|         | Assessment | Fine  | Restitution |
|---------|-----------|-------|-------------|
| TOTALS  | $200.00   | $.00  | $53,117.15  |

### SPECIAL ASSESSMENT

It is Ordered that the defendant shall pay to the United States a special assessment of $200.00.  This sum represents $100.00 as to Count One (1) and $100.00 as to Count Three (3).   Payment of this sum shall begin immediately.

### FINE

The fine is waived because of the defendant's inability to pay.

### RESTITUTION – JOINTLY AND SEVERALLY

The defendant shall pay restitution in the amount of $53,117.15 through the Clerk, U.S. District Court, for distribution to the payee(s).  Payment of this sum shall begin immediately. The Court gives notice that this case involves other defendant(s) who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future.

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten (10) days after the criminal Judgment has been entered.

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| Adelbridge & Company Firearms<br>10122 San Pedro Ave.<br>San Antonio, Texas 78216 | $9,000.00 |
| Curo Financial Technologies Corp.<br>Attn: Buffy McCarty<br>Claim #104/4.13.2017<br>3527 N. Ridge Road<br>Wichita, KS 67205 | $15,000.00 |
| CNA<br>Attn: Claim Imaging, Claim#  E3A74861<br>151 N. Franklin St.<br>Chicago, IL 60606 | $17,031.70 |
| Travelers – Bond Claim<br>Attn: Claim Operations Unit, claim# 080BCT1708878NR<br>One Tower Square, Mailstop S202A<br>Hartford, CT 06183 | $12,085.45 |
| Total: | $53,117.15 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

F I L E D

# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

JUN **1 8** 2019

CLERK, U.S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

Case Number: 5:17-CR-00783-XR(2)
USM Number: 28639-031

XZAVIER CHRISTIAN GULIFORD
*Aliases: Zay; Xzavier, Christian; Guiliford,*
*Xzavier; Guilford, Xzavier C.*

Defendant.

## \*\*\*AMENDED\*\*\*
## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)
### (To add sentencing instruction and amend restitution language)

The defendant, **XZAVIER CHRISTIAN GULIFORD,** was represented by Kevin L. Collins, Esq.

On Motion of the United States, the Court has dismissed the remaining counts as to this defendant

The defendant pled guilty to **Count(s) One (1)** and **Three (3)** of the **Indictment** on October 25, 2018.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1951(a) | Interference with Commerce by Robbery Conspiracy | April 13, 2017 | One (1) |
| 18 U.S.C. § 922(u) 18 U.S.C. § 2 | Theft of Firearms from a Federal Licensee; Aiding and Abetting | April 13, 2017 | Three (3) |

As pronounced on February 20, 2019, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this ____ day of June 2019.

_____
**XAVIER RODRIGUEZ**
**United States District Judge**

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:        XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:      5:17-CR-00783-XR(2)

## IMPRISONMENT

       The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **SEVENTY (70) Months.**   This sentence consists of **Seventy (70) Months** as to **Count One (1)** and **Seventy (70) Months** as to **Count Three (3)** all to run concurrently.  Further, it is this Court's intention that the sentence imposed in this case shall run concurrent with the sentence imposed in the District of Kansas, Case number 6:17cr10070-001; with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

       **The Court makes the following recommendations to the Federal Bureau of Prisons:**

1.   That the defendant be incarcerated Forrest City, Arkansas.


       The defendant shall remain in custody pending service of sentence.


## RETURN

I have executed this judgment as follows:

_____

_____

_____

       Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

_____

By
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:           XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:      5:17-CR-00783-XR(2)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of **THREE (3) Years**.  This term consists of **Three (3) Years** as to **Count One (1)** and **Three (3) Years** as to **Count Three (3)** all to run concurrently.  Further, it is this Court's intention that the term of supervised  release  imposed  in this case shall run concurrent with the term of supervised release imposed in the District of  Kansas, Case number 6:17cr10070-001

While on supervised release the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court on November 28, 2016, and shall comply with the following additional conditions:

1. The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program.  The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs.  The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.).  During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants.  The defendant shall pay the costs of such treatment if financially able.

2. The defendant shall participate in a mental health treatment program and follow the rules and regulation of that program.  The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.).  The defendant shall pay the costs of such treatment if financially able.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:       XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:     5:17-CR-00783-XR(2)

## CONDITIONS OF SUPERVISION

<u>Mandatory Conditions</u>:

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

[10]  The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

<u>Standard Conditions</u>:

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:          XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:        5:17-CR-00783-XR(2)

[6]   The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]   The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]   The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]   If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10]  The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11]  The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12]  If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13]  The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14]  If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16]  If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17]  If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervision release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report to the nearest U.S. Probation Officer.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

Judgment -- Page 6 of 7

DEFENDANT:        XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:      5:17-CR-00783-XR(2)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 655 E. Cesar E. Chavez Blvd, Room G65, San Antonio, TX 78206.  The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $200.00 | $.00 | $53,117.15 |

### SPECIAL ASSESSMENT

It is Ordered that the defendant shall pay to the United States a special assessment of $200.00.  This sum represents $100.00 as to Count One (1) and $100.00 as to Count Three (3).   Payment of this sum shall begin immediately.

### FINE

The fine is waived because of the defendant's inability to pay.

### RESTITUTION – JOINTLY AND SEVERALLY

The defendant shall pay restitution in the amount of $53,117.15 through the Clerk, U.S. District Court, for distribution to the payee(s).  Defendant, Xzavier Christian Guilford (2) will owe the victim(s) jointly and severally with co-defendants: Marquez Louise Thompson (1), Diana Michell Loera-Fuentes (3) and Tanaya Todd (4).  No further payment shall be required after the sum of the amounts actually paid by the defendants has fully covered all compensable injuries.  Payment of this sum shall begin immediately. ***Marquez Louise Thompson (1) sentenced in the District of Oklahoma, case number: 5:18cr00017-C-1***

The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten (10) days after the criminal Judgment has been entered.

| Name of Payee | Amount of Restitution |
|---------------|----------------------|
| Adelbridge & Company Firearms<br>10122 San Pedro Ave.<br>San Antonio, Texas 78216 | $9,000.00 |
| Curo Financial Technologies Corp.<br>Attn: Buffy McCarty<br>(Speedy Cash) Claim #104/4.13.2017<br>3527 N. Ridge Road<br>Wichita, KS 67205 | $15,000.00 |
| CNA<br>Attn: Claim Imaging, Claim#  E3A74861<br>151 N. Franklin St.<br>Chicago, IL 60606 | $17,031.70 |
| Travelers – Bond Claim<br>Attn: Claim Operations Unit, claim# 080BCT1708878NR<br>One Tower Square, Mailstop S202A<br>Hartford, CT 06183 | $12,085.45 |
| Total: | $53,117.15 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case

DEFENDANT:          XZAVIER CHRISTIAN GULIFORD
CASE NUMBER:        5:17-CR-00783-XR(2)

FILED
July 12, 2023

| D/KS Prob. 22<br>(Rev 06/13) | CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS | DOCKET NUMBER (Trans. Court) |
|---|---|---|
| **TRANSFER OF JURISDICTION** BY:        SAF<br>DEPUTY | | 0542 5:17CR00783-002 |
| | | DOCKET NUMBER (Rec. Court) |

| NAME AND ADDRESS OF PROBATIONER / SUPERVISED RELEASEE: | DISTRICT<br>Western District of Texas | DIVISION<br>San Antonio |
|---|---|---|
| Xzavier Christian Guliford | NAME OF SENTENCING JUDGE<br>Honorable Xavier Rodriguez | |
| | DATES OF PROBATION /<br>SUPERVISED RELEASE: | FROM<br>06/16/2023 | TO<br>06/15/2026 |

OFFENSE:

Count One: Interference With Commerce By Robbery Conspiracy, in violation of 18 U.S.C. § 1951(a) and
Count Three: Theft of Firearms from a Federal Licensee; Aiding and Abetting, in violation of 18 U.S.C. § 922(u),
18 U.S.C. § 2.

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the court to the United States District Court for the District of Kansas upon that court's order of acceptance of jurisdiction.

This court hereby expressly consents that the period of probation or supervised release may be changed by the district court to which this transfer is made without further inquiry of this court.*

| July 5, 2023 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted at the discretion of the transferring court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this court from and after the entry of this order.

| 7/10/2023 | |
|---|---|
| *Effective Date* | *United States District Judge* |